# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

THOMAS GREGORY HOLMES,

    Plaintiff,

v.   Case No. 3:24-cv-817-TJC-LLL

CENTURION OF FLORIDA and
MINH NGUYEN, M.D.,

    Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system, initiated this case by filing a Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. He also moves to proceed in forma pauperis. Doc. 2.

In the Complaint, Plaintiff names two Defendants – Centurion of Florida and Dr. Minh Nguyen. Doc. 1 at 2. Although not a picture of clarity, Plaintiff appears to allege that after being diagnosed with a broken wrist, Defendant Centurion delayed Plaintiff's surgery, causing "malunion" of the bones and leading to a more complex procedure. Id. at 5. According to Plaintiff, Defendant Nguyen then performed an "incomplete surgery" and failed to fix the unaligned "ulnar side" of his wrist. Id. Plaintiff contends that Nguyen's treatment is "ongoing" with a "pending osteo[to]my" scheduled. Id. at 5.  Plaintiff asserts

Defendants' actions violated his rights under the Eighth Amendment; and as relief, he requests monetary damages. Id. at 4-5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).[1]

Liberally read, Plaintiff's Complaint fails to state a plausible § 1983 claim. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

3

conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834).

As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). When analyzing such a claim, courts should apply the "subjective recklessness standard" as used in criminal law. See Wade v. McDade, 106 F.4th 1251, 1252 (11th Cir. 2024). Specifically, the Eleventh Circuit has instructed that to establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show:

> First . . . as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.'" [Farmer, 511 U.S. at 834].
>
> Second, . . . that the defendant acted with "subjective recklessness as used in the criminal law," id. at 839, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff – with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." Id. at 844-45.

4

Wade, 106 F.4th at 1262.[2]

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). The Eleventh Circuit has also noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting Waldrop, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth

---

[2] The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Wade, 106 F.4th at 1265 (Jordan, J., concurring).

Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

Even assuming Plaintiff has alleged that his wrist injury amounts to a serious medical need, he has failed to allege that Nguyen acted with subjective recklessness to that injury. Rather, Plaintiff alleges Nguyen performed surgery on Plaintiff's injured wrist and has scheduled a second osteotomy procedure to correct any misalignment. Doc. 1 at 5. Thus, these facts do not demonstrate an Eighth Amendment violation against Defendant Nguyen.

As to Defendant Centurion, where a claim of deliberate medical indifference is brought against a private contractor based on its functional equivalence to a government entity, liability under § 1983 cannot be based on a theory of respondeat superior. Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (citation omitted). Instead, the plaintiff must show that the entity "had a 'policy or custom' of deliberate indifference that led to the violation of his constitutional right." Id. (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Here, Plaintiff does not allege a Centurion custom or policy led to the alleged violation of his constitutional rights. And his conclusory statement that Centurion delayed his surgery, without factual support, fails to state a plausible claim. Thus, his allegations are insufficient to maintain a claim against Centurion.

6

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of November, 2024.



TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-7

C: Thomas Gregory Holmes, #705400

7